CADDELL *v.* KOLOSKI, SUPT.

(No. 893—Decided April 7, 1965.)

*Mr. Willis Caddell, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. Leo J. Conway,* for respondent.

*Per Curiam.* This is an action in habeas corpus originating in Richland County by reason of the fact that the petitioner is incarcerated in the Ohio State Reformatory.

According to the pleadings of the petitioner and his testimony in court, he bases his right to release on the grounds that he was denied counsel; that he did not have his right to counsel explained to him; that he did not intelligently waive his right to counsel; and that he was not represented by counsel in any stage of the proceedings, including his arraignment, his plea of guilty and his sentence.

The Attorney General introduced in evidence a transcript of the proceedings at the arraignment, plea and sentence. Such transcript does not show anything contra to petitioner's allegations and testimony. There is no written waiver of counsel in the record, and the journal entries of the court included in the transcript are silent as to any legal representation afforded this petitioner.

The Attorney General also introduced an affidavit of the trial judge dated February 17, 1965. Petitioner objected, and this court withheld its ruling thereon. Such objection is hereby sustained by reason of the fact that the petitioner had no opportunity to cross-examine the affiant, and according to the transcript the arraignment and plea was entered on June 4, 1952, more than twelve years previous.

Inasmuch as petitioner was not represented by counsel and did not have his right to counsel explained to him, and did not waive counsel, he is entitled to his release under the principles enunciated in *Carnley* v. *Cochran, Dir.*, 369 U. S. 506; *Gideon* v. *Wainwright, Dir.*, 372 U. S. 335; *Johnson* v. *Maxwell, Warden*, 177 Ohio St. 72; and *State* v. *Gilkerson*, 1 Ohio St. 2d 103.

*Petitioner released from custody.*

RUTHERFORD, P. J., McLAUGHLIN and VAN NOSTRAN, JJ., concur.